1

2

3

4

5              UNITED STATES DISTRICT COURT

6              NORTHERN DISTRICT OF CALIFORNIA

7

8

DAVID J. MANFRE

9                                          No. C-06-05443 MHP

            Plaintiff,

10                                          <u>**MEMORANDUM & ORDER**</u>
                                           **Re: Cross Motions for**
11     v.                                   **Summary Judgment and/or**
                                           **Remand**
MICHAEL J. ASTRUE,
12  Commissioner of Social Security Administration,

13          Defendant.
    _____/

14

15          Plaintiff David J. Manfre seeks judicial review pursuant to 42 U.S.C. section 405(g) of the

16  Commissioner of the Social Security Administration's finding that plaintiff is not due benefits for

17  his alleged incapacity to work.  Now before the court is plaintiff's appeal of that decision and the

18  parties' cross-motions for summary judgment and/or remand.  Having considered the arguments

19  presented and for the reasons set forth below, the court enters the following memorandum and order.

20

21  BACKGROUND[1]

22  I.      Factual History

23          Plaintiff is a fifty-four year-old man with a tenth grade education.  He worked as an

24  equipment operator for approximately the last thirty-three years but has not been engaged in any

25  substantial gainful activity since he was laid off in January 2003.  Plaintiff had a heart attack in

26  2001, broke his collarbone in December 2003, and thereafter ran out of health insurance.  Plaintiff

27  has suffered various difficulties including being left by his wife, the loss of his career, and the death

28  of a friend killed while operating a crane.  Although a medical professional advised plaintiff to see a

1    psychiatrist, he has not done so.  Currently, plaintiff stays at an outbuilding on a farm in Petaluma.

2    He claims that he cannot keep things in order, and that his daily activities include eating at his

3    friend's house, cooking, watching television, shopping with his friend, hanging out, talking,

4    listening to the stereo, reading magazines, and sleeping.  Plaintiff's friend, John Lindt, describes

5    plaintiff's daily activities as taking care of his dog, microwaving his own meals, driving a car,

6    shopping, watching television, sleeping, and getting along with others.  The onset date of plaintiff's

7    alleged disability was December 29, 2003.  Plaintiff filed for Disability Insurance Benefits ("DIB")

8    and Supplemental Security Income ("SSI")(collectively, "benefits") on July 30, 2004 alleging

9    disability due to a broken collarbone, a bad heart, depression, and a swollen and arthritic right

10   thumb.  Plaintiff claims that he is unable to work because of his physical and mental disabilities.

11        Dr. Margaret Marquez performed an internal medicine consultative examination on plaintiff

12   on October 21, 2005.  She found that plaintiff has a history of coronary artery disease post

13   myocardial infarction, a left collarbone fracture, and a bilateral hand burning sensation which was

14   treated successfully with Neurontin.  Plaintiff was taking no medication at the time of the

15   examination but had previously used sublingual Nitroglycerin, Prozac, Lisinopril, Tenormin,

16   Lovastatin, Celebrex, and Neurontin.  Dr. Marquez assessed that plaintiff could lift or carry twenty

17   pounds frequently, stand or walk for six hours, and sit without limitations in an eight-hour workday.[2]

18        On December 18, 2004 plaintiff was evaluated by psychiatric consultative examiner William

19   L. Schwimmer, Ph.D.  Dr. Schwimmer found that plaintiff could understand, carry out and

20   remember simple instructions as well as respond to coworkers, supervisors, the public, and work

21   situations.  He diagnosed plaintiff with an adjustment disorder, depressed mood and a global

22   assessment of functioning ("GAF") score of sixty-five—indicating that plaintiff may experience

23   some difficulty in social and occupational functioning.[3]  Def.'s Mot. n.6 at 4.  State agency medical

24   consultants found on four different occasions that plaintiff could do light work and would be

25   moderately limited to understand, remember, and carry out detailed instructions.  Michael L.

26   Venard, Ph.D., an examining psychologist, evaluated plaintiff on June 6, 2005.  Dr. Venard

27   diagnosed plaintiff with a major depressive episode and a GAF score of fifty—indicating that

28                                                    2

United States District Court
For the Northern District of California

1   plaintiff may have serious impairment in social and occupational functioning.  Pl.'s Mot. at 4.  He

2   found that plaintiff could understand, remember and carry out simple instructions, and would be

3   moderately limited in his ability to remember detailed instructions.  Dr. Venard's diagnosis

4   additionally contained findings that were more severe than those of Dr. Schwimmer or the state

5   medical consultants: he found that plaintiff would be severely limited in his ability to respond to a

6   work routine by depression-related fatigue, lack of drive and limited motivation, would be

7   moderately limited in his ability to maintain concentration and work pace, and would be severely

8   limited in his social interactions by depression.

9       At a hearing before an Administrative Law Judge ("the ALJ") on August 4, 2005, vocational

10  expert Malcom Borzinsky testified that plaintiff could not return to his past relevant work.[4]

11  However, Borzinsky additionally testified that an individual of the plaintiff's age, education, past

12  relevant work and functional limitations as described by the ALJ could perform light, unskilled jobs

13  such as small parts assembler or housekeeper.  On January 24, 2006, the ALJ found that plaintiff

14  retained a residual functioning capacity ("RFC") for work activity at the light exertional level with

15  no forceful gripping, routine, repetitive tasks, and limited public contact.  He concluded that plaintiff

16  has an affective disorder with depression imposing mild restrictions on his daily activities, moderate

17  difficulties in social functioning, and moderate difficulties in concentration.  The ALJ also found

18  that plaintiff's subjective complaints were not fully credible given the evidence in the record from

19  the examining physicians and the testimony of plaintiff and Mr. Lindt.  In accordance with these

20  findings and Borzinsky's testimony, the ALJ concluded that plaintiff is capable of performing other

21  work in the economy, and therefore, that plaintiff is not disabled and not entitled to DIB or SSI.[5]

22

23  II.    Procedural History

24      Plaintiff's original application for benefits in July 2004 was denied by the Social Security

25  Administration ("SSA").  Following initial and reconsideration denials of this application, claimant

26  filed a timely hearing request on April 29, 2005.  Evidence was then taken at a hearing on August 4,

27  2005 before the ALJ, in which plaintiff and Bordzinsky testified.  The ALJ again denied plaintiff's

28

3

United States District Court
For the Northern District of California

application for benefits on January 24, 2006.  That decision became final when the Appeals Council declined to review the ALJ's denial on June 30, 2006.  Plaintiff timely filed for review of the SSA's proceedings with this court.

LEGAL STANDARD

Summary judgment is proper when the pleadings, discovery and affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  Material facts are those which may affect the outcome of the case.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party.  Id.  The party moving for summary judgment bears the burden of identifying those portions of the pleadings, discovery and affidavits that demonstrate the absence of a genuine issue of material fact.  Celotex Corp. v. Cattrett, 477 U.S. 317, 323 (1986).  On an issue for which the opposing party will have the burden of proof at trial, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." Id.

Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).  Mere allegations or denials do not defeat a moving party's allegations.  Id.; Gasaway v. Northwestern Mut. Life Ins. Co., 26 F.3d 957, 960 (9th Cir. 1994).  The court may not make credibility determinations, and inferences to be drawn from the facts must be viewed in the light most favorable to the party opposing the motion.  Masson v. New Yorker Magazine, 501 U.S. 496, 520 (1991); Anderson, 477 U.S. at 249.

The moving party may "move with or without supporting affidavits for a summary judgment in the party's favor upon all [claims] or any part thereof." Fed. R. Civ. P. 56(a).  "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e).

4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

DISCUSSION

Claimant argues that the final decision of the Commissioner was not based upon substantial evidence and therefore should be overturned.  A federal district court may not disturb the final decision of the Commissioner unless it is based on legal error or the fact findings are not supported by substantial evidence.  42 U.S.C. § 405(g); Sprague v. Bowen, 812 F.2d 1226, 1229 (9th Cir. 1987).  "Substantial evidence, considering the entire record, is relevant evidence which a reasonable person might accept as adequate to support a conclusion."  Matthews v. Shalala, 10 F.3d 678, 679 (9th Cir. 1993).  The court's review "must consider the record as a whole," including evidence that supports the Commissioner's decision and evidence that detracts from it.  Desrosiers v. Sec. of Health & Human Servs., 846 F.2d 573, 576 (9th Cir. 1988).  Nonetheless, where evidence is susceptible to more than one rational interpretation, one of which supports the Commissioner's decision, the court must defer to the Commissioner's decision and may not substitute its judgment for that of the Commissioner.  See Reddick v. Chater, 157 F.3d 715, 720–21 (9th Cir. 1998).  The Commissioner's determinations of law, however, are reviewed de novo.  See McNatt v. Apfel, 201 F.3d 1084, 1087 (9th Cir. 2000).  Thus even if substantial evidence supports the Commissioner's fact findings, "the decision should be set aside if the proper legal standards were not applied in weighing the evidence and making the decision."  Benitez v. Califano, 573 F.2d 653, 655 (9th Cir. 1978) (quoting Flake v. Gardner, 399 F.2d 532, 540 (9th Cir. 1968)).  The Social Security Act defines disability as "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The claimant has the burden of establishing a disability under the Act.  See, e.g., Webb v. Barnhart, 433 F.3d 683, 686 (9th Cir. 2005).

To determine whether a claimant is disabled under the Act, the ALJ engages in a five-step sequential analysis.  20 C.F.R. § 404.1520.  At each step, if the ALJ can determine that the claimant is disabled or not disabled, the ALJ need not advance to the next step.  Id. § 404.1520(a)(4).  At the first step, if the ALJ determines that the claimant is engaged in "substantial gainful activity," the

5

1    claimant will not be found disabled. Id. § 404.1520(a)(4)(i). At step two, the ALJ considers the

2    medical severity of the claimant's impairments. Id. § 404.1520(a)(4)(ii). If the claimant's medically

3    determinable physical or mental impairment is not severe, the claimant will not be found disabled.

4    Id. At step three, the ALJ will determine whether the claimant's impairment or combination of

5    impairments are equivalent to a listed impairment. Id. § 404.1520(a)(4)(iii); 20 C.F.R. Pt. 404,

6    Subpt. P, App. 1. At step four, the ALJ must consider the functional limitations imposed by the

7    claimant's impairments and determine the claimant's RFC. The claimant will not be found disabled

8    if he or she retains the ability to perform past relevant work. Id. § 404.1520(a)(4)(iv). Past relevant

9    work is work that a claimant has performed within the past fifteen years, that was a substantial

10   gainful activity, and that lasted long enough for the claimant to learn the necessary skills to perform

11   the work. Id. § 404.1560(b). If the ALJ determines that claimant cannot perform past relevant

12   work, the ALJ must consider at step five whether the claimant's impairment or combination of

13   impairments prevent the claimant from performing other jobs that exist in significant numbers in the

14   national economy. Id. § 404.1520(a)(4)(v).

15        Plaintiff asks the court to enter a judgment that he is medically disabled and thus eligible for

16   benefits, or alternatively, that the case should be remanded for further administrative proceedings on

17   the issue of plaintiff's alleged disability. Specifically, plaintiff claims that the ALJ improperly (1)

18   evaluated plaintiff's RFC with respect to his mental impairments, (2) discounted plaintiff's self-

19   reporting of symptoms, and (3) determined that plaintiff can perform "other work" in the economy.

20   Id. § 404.1520(a)(4)(v).

21

22   I.    Plaintiff's RFC

23        Plaintiff argues that the ALJ's assessment of plaintiff's RFC at step four was improper

24   because it was not based on the evidence in the entire record. Specifically, plaintiff argues that

25   defendant improperly disregarded Dr. Venard's diagnosis of plaintiff's condition. In assessing a

26   plaintiff's RFC, the ALJ "must consider the record as a whole." Desrosiers, 846 F.2d at 576. The

27   ALJ's assessment of plaintiff's RFC involved determinations of fact, and therefore is given a

28                                                    6

United States District Court
For the Northern District of California

1   deferential review; the court must defer to the ALJ's decision where one of various rational

2   interpretations of the evidence supports that decision.  Reddick, 157 F.3d at 720–21.

3           While defendant insists that the ALJ's conclusion with respect to plaintiff's RFC was

4   consistent with "much of Dr. Venard's assessment," defendant does concede that the ALJ "rejected

5   the more extreme portions of Dr. Venard's assessment."  The ALJ, however, is not bound by the

6   diagnoses of physicians in making a determination of disability and is justified in disregarding a

7   physician's opinion in various circumstances.  See Batson v. Commissioner of Social Security, 359

8   F.3d 1190, 1194-95 (9th Cir. 2003) ("ALJ need not give controlling weight to the opinion of a

9   treating physician"); see also Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) (a

10  physician's opinion is "not binding on an ALJ with respect to . . . the ultimate determination of

11  disability").  Defendant argues that the circumstances justified the ALJ's rejection of Dr. Venard's

12  diagnosis for the following reasons.

13          First, defendant argues that the ALJ properly rejected the part of Dr. Venard's diagnosis that

14  characterized plaintiff's social interactions as "dramatically" and "severely" limited because Dr.

15  Venard did not explain the basis for these findings.  This argument is unpersuasive.  Dr. Venard

16  thoroughly explained the basis for his entire diagnosis.  An ALJ may discount a physician's opinion

17  where it "lack[s] substantial medical findings to support [his] conclusion."  Batson, 359 F.3d at

18  1195.  In Batson, the court gave "minimal weight" to the opinions of two physicians because their

19  evaluations were conclusory, written in the form of a checklist, and were not supported by objective

20  evidence.  Id.  In the instant case, Dr. Venard has provided a seven-page report which is significantly

21  more comprehensive than the checklists in Batson.  Dr. Venard gives a number of explanations in

22  support of his finding that plaintiff's social interactions are "severely limited," including that

23  plaintiff suffers from "withdrawal, irritability and probable confusion due to severe levels of

24  depression."  TR at 166.  The causes of plaintiff's severe depression are chronicled throughout the

25  report as well.  TR at 163–66.  The ALJ's partial rejection of Dr. Venard's diagnosis is therefore not

26  justified by an argument that Dr. Venard failed to provide substantive medical findings.

27

28                                              7

Defendant next argues that the ALJ's decision was proper because it was consistent with the opinions of Dr. Schwimmer and two state agency medical consultants.  The ALJ is responsible for resolving conflicting or ambiguous medical opinions.  See Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984); Vincent on Behalf of Vincent v. Heckler, 739 F.2d 1393, 1394 (9th Cir. 1984).  Where a doctor's opinion is uncontroverted, the Commissioner must provide "clear and convincing" reasons for rejecting the doctor's opinion.  Pitzer v. Sullivan, 908 F.2d 502, 506 (9th Cir. 1990).  Where two or more doctors' opinions conflict, the weight given to the opinion of an individual doctor varies depending on the nature of the doctor-patient relationship.  More weight is given to a treating physician's opinion than to that of a non-treating physician, and likewise, the opinion of an examining physician is preferred over that of a non-examining physician.  See Magallanes v. Bowen, 88 F.2d 747, 751 (9th Cir. 1989); Pitzer, 908 F.2d at 506 n.4.  However, the contradicted opinion of a treating physician or an examining physician may be rejected so long as the ALJ makes findings supported by specific and legitimate reasons based on substantial evidence in the record.  Morgan v. Commissioner of Social Sec. Admin, 169 F.3d 595, 603–04 (9th Cir. 1998).  The ALJ can satisfy this standard by providing a "detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings."  Cotton v. Bowen, 799 F.2d 1403, 1408 (9th Cir. 1986). Furthermore, where one physician's opinion rests on independent clinical findings, the ALJ need not articulate specific and legitimate reasons for discounting another physician's opinion, as the independent clinical findings of the prior physician constitute substantial evidence.  See Miller v. Heckler, 770 F.2d 845, 849 (9th Cir. 1985).

The conflict in the instant case exists between two examining physicians, Drs. Venard and Schwimmer.  Therefore, the decision of the Commissioner to partially reject Dr. Venard's opinion was proper if specific, legitimate reasons existed that were supported by substantial evidence in the record or if the ALJ based his decision on conclusions that Dr. Schwimmer drew from independent clinical findings.

Plaintiff maintains that the ALJ did not articulate any specific, legitimate reasons for partially rejecting the opinion of Dr. Venard and that the Commissioner's decision was therefore improper.

The Ninth Circuit has highlighted the flexibility of this requirement, noting that the court may draw its own specific and legitimate inferences from the ALJ's opinion to satisfy the standard. Magallanes, 881 F.2d at 755.  In Magallanes, the court found that the ALJ had given sufficiently specific and legitimate explanations where the ALJ "summarized the facts and conflicting clinical evidence in detailed and thorough fashion, stat[ed] his interpretation and [made] findings."  Id. In the instant case, the ALJ's explanations and findings were substantially similar to those presented in Magallanes.  The ALJ summarized the facts and clinical findings of Drs. Venard and Schwimmer in detail, stated his interpretation, and found that plaintiff is able to do work activity at a light exertional level.  TR at 18–21.  Specifically, the ALJ explained that he based his conclusions regarding plaintiff's RFC on the report of Dr. Schwimmer, who found that plaintiff could understand, carry out and remember simple instructions, respond to coworkers, supervisors, and the public.  TR at 19, 132.  Moreover, the diagnoses of the state agency medical consultants support the diagnosis of Dr. Schwimmer and the ALJ's finding.  TR at 151.  The Ninth Circuit held in Andrews that an examining physician's opinion may be rejected in favor of nonexamining physician's opinion where the latter's opinion is "supported by other evidence in the record and is consistent with it."  53 F.3d at 1041.  Here, the opinion of Dr. Schwimmer—an examining physician—is supported by the opinions of two state agency physicians and in part by the diagnosis of Dr. Venard.  Courts have upheld the decision of the Commissioner denying disability status on much less.  See, e.g., Morgan 169 F.3d at 602–04 (rejecting the opinions of a treating psychiatrist and an examining psychologist where ALJ gave specific reasons consistent with the opinion of a nontreating, nonmedical advisor). Because the opinions of examining physicians are given more weight than those of nonexamining physicians, the Commissioner's argument is made even stronger in the instant action by the fact that the physician's opinion upon which the ALJ relied was that of an examining physician.  The court is satisfied that the ALJ had specific, legitimate reasons for partially rejecting Dr. Venard's diagnosis because the decision was supported by substantial evidence in the record, namely, the opinions of an examining physician and two state agency physicians.

United States District Court
For the Northern District of California

1    The decision of the ALJ was further justified by the fact that Dr. Schwimmer's diagnosis was

2    based on independent clinical findings.  Independent clinical findings constitute substantial evidence

3    and justify the discounting of conflicting medical testimony because it is "solely the province of the

4    ALJ to resolve the conflict."  Andrews, 53 F.3d 1035, 1041.  The Ninth Circuit has repeatedly

5    emphasized the importance of avoiding the imposition of "'burdensome procedural requirements

6    that facilitate . . . second-guessing [the ALJ's resolution of conflicting medical testimony].'"  Id.

7    (quoting Allen v. Heckler, 749 F.2d 577, 580 (9th Cir. 1984) (brackets in original).  Dr.

8    Schwimmer's diagnosis was based upon an independent medical status evaluation performed on

9    December 18, 2004.  The ALJ relied on Dr. Schwimmer's independent clinical findings in arriving

10   at his decision to deny disability status.  The decision was therefore proper.[6]

11   The court is sensitive to the fact that plaintiff's alleged difficulties in the instant case are the

12   result of a mental disability.  In his dissenting opinion in Morgan, Judge Noonan of the Ninth Circuit

13   observed that where "[a claim] revolves primarily around allegations of mental disabilities which are

14   by their nature difficult to diagnose, it is important to give adequate weight to the personal

15   impressions formed by the experts who have interacted with the claimant."  Morgan, 169 F.3d at 605

16   (Noonan, J., dissenting).  After a thorough review of the record, the court is satisfied that the ALJ's

17   final determination of plaintiff's RFC was proper because specific, legitimate reasons and

18   independent clinical findings supported his decision.

19

20   II.    The ALJ's Rejection of Plaintiff's Subjective Symptoms

21   Plaintiff alleges that if his statements about pain, depression and limited daily activities had

22   been credited, plaintiff would have been found disabled due to an inability to sustain performance in

23   any occupation in the competitive workplace.  In the absence of evidence showing that the claimant

24   is malingering, "the Commissioner's reasons for rejecting the claimant's testimony must be clear

25   and convincing."[7]  Morgan, 169 F.3d at 599; see also Lester v. Chater, 81 F.3d 821, 834 (9th Cir.

26   1995); Swenson v. Sullivan, 876 F.2d 683, 687 (9th Cir. 1989).  Social Security Ruling 88-13

27   provides factors for the adjudicator to consider when evaluating the credibility of testimony

28                                                    10

1    regarding pain, limitations and other subjective symptoms.  These factors include (1) the nature,

2    location, onset, duration, frequency, radiation, and intensity of any pain; (2) precipitating and

3    aggravating factors, such as movement or environmental conditions; (3) type, dosage, effectiveness,

4    and adverse side-effects of any pain medication; (4) treatment, other than medication, for relief of

5    pain; (5) functional restrictions; and (6) the claimant's daily activities.  SSR 88–13 (1988).  "The

6    SSR 88–13 factors ensure that the determination of disability is not a wholly subjective process,

7    turning solely on the identity of the adjudicator."  Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir.

8    1991).  In addition,

9         [t]he ALJ may consider . . . : (1) ordinary techniques of credibility evaluation, such as
          the claimant's reputation for lying, prior inconsistent statements concerning the
10        symptoms, and other testimony by the claimant that appears less than candid; (2)
          unexplained or inadequately explained failure to seek treatment or to follow a prescribed
11        course of treatment; and (3) the claimant's daily activities.

12   Smolen, 80 F.3d at 1284.

13        The ALJ provided clear and convincing reasons for rejecting claimant's subjective

14   testimony.  Morgan is instructive on this point.  The Ninth Circuit found that the ALJ's rejection of

15   Morgan's subjective symptoms from depression was proper where the ALJ based his decision on

16   reports from physicians and inconsistencies between Morgan's claims, the diagnoses of physicians,

17   and Morgan's own account of his daily activities.  Morgan, 169 F.3d at 599–600.  Specifically, the

18   ALJ found Morgan's alleged disability inconsistent with his stated ability to fix meals, do laundry,

19   work in the yard, and occasionally care for his friend's child.  Id. at 600.  The court noted, "[i]f a

20   claimant is able to spend a substantial part of his day engaged in pursuits involving the performance

21   of physical functions that are transferable to a work setting, a specific finding as to this fact may be

22   sufficient to discredit a claimant's allegations."  Id.; see also Fair v. Bowen, 885 F.2d 597, 603 (9th

23   Cir. 1989).  In the instant case, the ALJ pointed to substantial evidence in the record that supported

24   his finding that plaintiff's subjective testimony was not credible.  For example, the ALJ cited to

25   plaintiff's good prior work record, observations from "a preponderance of the physicians" that

26   plaintiff can still do work, the testimony of Mr. Lindt regarding plaintiff's daily activities, and

27   plaintiff's own description of his daily activities.  TR at 20.  The ALJ noted that the testimony of

28

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

plaintiff and Mr. Lindt collectively show that plaintiff is able to take care of his person, wash dishes, vacuum, do laundry, visit with his neighbor, walk, talk with others, follow instructions, take care of his dog, microwave his own meals, drive a car, shop, and watch television. Id. Here, the ALJ pointed to even more evidence in support of his decision than did the ALJ in Morgan. Therefore, the ALJ provided clear and convincing reasons for rejecting plaintiff's subjective symptom complaints.

III.     Vocational Expert Hypothetical

Plaintiff's final argument is that the decision of the Commissioner was improper because the hypothetical question posed to the vocational expert did not adequately include the limitations imposed on plaintiff by his condition. After a claimant has shown that he cannot return to his previous job, the burden shifts to the Commissioner to prove that the claimant can do other types of substantial, gainful work in the economy. Embry v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988); Sample v. Schweiker, 694 F.2d 639, 644 (9th Cir. 1982). Vocational experts are used to determine whether a claimant can perform other work in the economy. Embry, 849 F.2d at 422. "Hypothetical questions posed to the vocational expert must set out *all* the limitations and restrictions of the particular claimant . . . ." Id. (emphasis in original). Limitations and abilities assumed in a hypothetical question must be supported by the record. Magallanes, 881 F.2d at 757. However, supposed limitations and abilities need not be supported by the entire record and are permissible if supported by substantial evidence. Martinez v. Heckler, 807 F.2d 771, 774 (9th Cir. 1986). The ALJ need not include limitations from properly rejected physician opinions. Batson, 359 F.3d at 1197. Limitations that the ALJ finds not credible also need not be included. Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005). For reasons the court has already explained, the ALJ's decision to partially reject Dr. Venard's diagnosis and discount plaintiff's subjective complaints was proper. In finding that the plaintiff was able to perform light work such as a housekeeper or small parts assembler, the vocational expert took into account the plaintiff's age, education, past relevant work, and functional limitations as described by the ALJ. TR at 20. Because the ALJ's finding of plaintiff's functional limitations was properly reached, the vocational expert's testimony satisfied the

United States District Court

For the Northern District of California

1    Commissioner's burden of proving that plaintiff could perform other types of gainful employment in

2    the national economy.  Plaintiff's argument that the hypothetical question posed to the vocational

3    expert was improper is therefore unavailing.

4

5

6    CONCLUSION

7         Accordingly, plaintiff's motion for summary judgment and/or remand is DENIED, and

8    defendant's motion for summary judgment is GRANTED.

9

10        IT IS SO ORDERED.

11

12   Date:  August 6, 2007

13                                                          MARILYN HALL PATEL
                                                           District Judge
14                                                         United States District Court
                                                           Northern District of California
15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                        13

1

**ENDNOTES**

2

1.  All facts in this section are taken from the Social Security Administration's January 24, 2006 decision, Certified Administrative Transcript ("TR") at 17–21, unless otherwise indicated.

3

2.  Plaintiff does not dispute the ALJ's finding that his physical impairments considered singly or in combination with his mental impairments do not entitle him to benefits because they do not meet or equal the requirements of the Listing of Impairments in Appendix 1, Subpart P, Regulations No. 4 (SSR 96–6p).

4

5

6

3.  A GAF score represents a clinical evaluation of an individual's overall level of functioning.  Def.'s Mot. n.6 at 4.

7

4.  Past relevant work is work that a claimant has performed within the past fifteen years, that was a substantial gainful activity, and that lasted long enough for the claimant to learn the necessary skills to perform the work.  20 C.F.R. § 404.1560(b)

8

9

5.  A claimant will not be found disabled if the ALJ determines that the claimant's impairment or combination of impairments do not prevent him from performing other jobs that exist in significant numbers in the national economy.  Id. § 404.1520(a)(4)(v).

10

11

6.  Plaintiff argues that relying on Dr. Schwimmer's report was improper because the report of Dr. Venard was more detailed and because "almost any scientist would choose the report with more evidence."  Pl.'s Mot. at 5.  This, however, is not the relevant standard.  As the final arbiter of conflicting medical testimony, the ALJ's decision to rely on one physician's report rather than another is proper so long as the former "is not contradicted by *all other evidence* in the record."  Magallanes, 881 F.2d at 752 (emphasis in original).

12

13

14

15

7.  Parties do not claim that any evidence of malingering is present in the record.

16

17

18

19

20

21

22

23

24

25

26

27

28

14

**United States District Court**
For the Northern District of California